# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MT. PLEASANT BLACKTOPPING COMPANY INC. | : | Case No. 3:18-cv-417 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| GREENE COUNTY, OHIO, et al. | : | |
| | : | |
| Defendants. | : | |

## ENTRY AND ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 25)

This case is before the Court on the Motion for Partial Summary Judgment (Doc. 25) (the "Motion") filed by Plaintiff Mt. Pleasant Blacktopping Company Inc. ("Plaintiff"). Defendants Greene County, Ohio and Ronald S. Vokerding (collectively, the "Greene County Defendants") filed a memorandum in opposition to the Motion (Doc. 29) (the "Opposition"). Plaintiff filed a reply memorandum in support of the Motion. (Doc. 30.) The matter is therefore ripe for the Court's review.

In response to the Motion, the Greene County Defendants argue that this Court should deny the Motion without prejudice pursuant to Fed. R. Civ. P. 56(d). Rule 56(d) states: "If a nonmovant [to a motion for summary judgment or partial summary judgment] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

The Greene County Defendants attached to the Opposition a "Declaration and Certification

of Dawn M. Frick, Esq.," counsel for the Greene County Defendants. Ms. Frick's Declaration states:

- "[O]n June 10, 2018, only 18 days after all initial pleadings were filed, Plaintiff filed its Motion for Partial Summary Judgment against the Greene County Defendants, along with its Memorandum in Support, sworn witness and expert testimony, and 39 exhibits, all of which encompassed over 200 pages of material."

- "To date, the parties have not held a Rule 26(f) conference, the Court has not issued a scheduling order, and no exchange of any discovery has taken place between the parties."

(Doc. 29-1 at PAGEID # 372.) Plaintiff does not dispute these statements. Ms. Frick's Declaration goes on to show that the Greene County Defendants cannot present facts essential to justify their opposition to the Motion. (*See* Doc. 29-1 at PAGEID # 372-73.)

The Greene County Defendants have fulfilled the requirements under Rule 56(d) quoted above. *Accord: Vance v. U.S.*, 90 F.3d 1145, 1148 (6th Cir. 1996) ("The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery."). Further, as alluded to in the Court's prior order granting Plaintiff's motion for an extension of time to file an answer to a counterclaim, federal courts favor decisions made on the merits such that parties are provided with a reasonable opportunity to argue and support their positions. (*See* Doc. 23 at PAGEID # 135.) *See also White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994) ("the benefits of this rule [that allows motions for summary judgment] are quickly undermined if it is employed in a manner that offends concepts of fundamental fairness."). The Court agrees with the Greene County Defendants' suggestion that it is appropriate to deny the Motion at this time without prejudice. The Greene County Defendants are entitled to have additional time to take discovery in this case so that, among other things, they can present facts essential to justify an opposition to the Motion.

Therefore, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment (Doc. 25) without prejudice. The Court will discuss with the parties a reasonable time for filing dispositive motions (including any re-filing of the Motion) during the initial preliminary pretrial conference by telephone on Wednesday, August 28, 2019 at 10:00 a.m.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, July 15, 2019.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE