# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **MT. PLEASANT BLACKTOPPING CO., INC.,** | : | CASE NO. 3:18-cv-00417-TMR |
| | : | |
| | : | **Judge Thomas M. Rose** |
| Plaintiff, | : | **Magistrate Judge Michael J. Newman** |
| | : | |
| v. | : | |
| | : | |
| **GREENE COUNTY, OHIO, et al.** | : | |
| | : | |
| Defendants | : | |

## AGREED PROTECTIVE ORDER

This cause coming before the Court pursuant to a stipulation of the parties and the Court being fully advised, IT IS HEREBY ORDERED as follows:

1. As used herein, "Confidential Documents" means any documents, things, and information which a Party believes in good faith contain trade secrets, personal financial information, confidential or proprietary commercial information, or information the disclosure of which would invade privacy interests or rights of persons not party to this action.

2. A party ("Producing Party") may designate as "Confidential" any Confidential Documents it produces in this litigation to a receiving party ("Receiving Party"). Further, any Party may designate as "Confidential" any Confidential Documents produced in this litigation by any other Party, or any third party or non-party pursuant to a document request or subpoena.

The Parties may designate all materials considered Confidential Documents pursuant to the terms of this Order by: (i) the Producing Party printing or stamping

"Confidential" on the materials at the time they are produced; or (ii) in the case of materials produced by another Party, a third party, or a non-party, by letter specifically identifying the documents being designated "Confidential" sent to counsel for all Parties within 30 days of receipt of the materials by the party making such designation.

3. Absent a further order of this Court, Confidential Documents produced in this case shall not be used for any purpose other than the prosecution or defense of this captioned action, including all appeals, and shall not be shown, disseminated, or disclosed in any manner to anyone not authorized under this Order. Nothing contained in this Order shall prohibit any Party from disclosing or providing his or her own documents to persons outside of those listed in paragraph 4.

4. Confidential Documents from a party or someone other than a party shall be disclosed only to the following:

> (a) Counsel for the Parties, their partners, associates and/or employees to whom Confidential Documents are provided and to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation;
>
> (b) The Parties, including present and former officers, directors, and employees of the parties who are providing assistance to counsel in the conduct of this litigation;
>
> (c) Any expert or consultant who is retained by a party or its counsel in order to assist in preparing for or in the conduct of this litigation;
>
> (d) Any person or counsel for said person whom counsel for either party believes in good faith may be a witness or whose testimony is taken or expected to be taken in this litigation;
>
> (e) Court reporters while in the performance of their official duties;
>
> (f) This Court or any other court to which any appeal of this litigation is taken; and
>
> (g) Any other person if (i) the parties agree after conferring in good faith that the person may have access to the Confidential

Information; or (ii) the Court orders upon Motion with good cause shown that the person may have access to the Confidential Information.

5. Counsel for the Parties shall ensure that each of the attorneys and/or individuals associated with them by employment or otherwise in the handling of this case have read and are familiar with the terms of this Order. Counsel for the Parties and each of the attorneys and/or individuals associated with them by employment or otherwise in the handling of this case shall be deemed to be bound by the terms of this Order and subject to the jurisdiction of the Court for appropriate proceedings in the event of any violation or alleged violation of this Order.

Before showing or divulging the contents of any of the Confidential Documents produced in this case to any person identified in paragraph 4(c), 4(d) or 4(g), Counsel shall first obtain a signed statement from that person reciting that the person is familiar with the terms of this Order and has agreed to abide by those terms. The requirement of obtaining such a signed statement may be satisfied by affixing the name, affiliation and business address, as well as obtaining the signature of such person, on a copy of this Order. A copy of each such signed statement shall be retained by Receiving Party Counsel for one (1) year after the conclusion of this case, including any appeal. A copy of the signed statement of any testifying expert or other testifying witness to whom Confidential Documents have been provided under this Order, shall be provided to Producing Party Counsel upon request on either the date of said witness's deposition or the date of disclosure of such person as a testifying witness. At the conclusion of this case, Receiving Party Counsel shall retrieve all Confidential Documents from testifying experts, consulting experts, and any other person or entity to whom Confidential

Documents have been disclosed pursuant to this Order and otherwise comply with paragraph 14 hereof.

6. Confidential Documents shall not be disclosed by Counsel or otherwise made public except in compliance with the terms of this Order. Nothing contained herein shall prohibit any Party from producing Confidential Documents in response to any Court Order or any valid and enforceable subpoena, or from responding to a valid request for documents or information by a governmental agency. However, if any person or entity, other than those described in paragraph 4 or paragraph 5, seeks to obtain or compel a Party to produce any Confidential Documents produced by any other Party, third party or non-party in this action, by requests for documents, subpoena or other compulsory process, the Party from which the Confidential Documents are requested and/or demanded shall notify the Producing Party in writing of the demand in order to permit the assertion of all applicable rights and privileges with respect to the Confidential Documents, and shall advise the person or entity seeking production of Confidential Documents of the existence of this Order. The Producing Party shall be responsible at its sole cost and expense for the timely assertion of all applicable rights and privileges relating to the Confidential Documents, including the filing of any motions, proceedings, or responses to any request for documents, subpoena or other compulsory process.

7. If a Receiving Party, or any person or entity to whom Confidential Documents have been disclosed pursuant to this Order, believes that Confidential Documents produced in this case should be used for any purpose other than those permitted by this Order, the party or witness shall first obtain the consent of the

Producing Party for such disclosure. If consent is not forthcoming, the party shall make a good faith effort to resolve such dispute with counsel for the Producing Party, explaining the reason(s) that the Confidential Documents should be used for purposes other than those permitted herein. If the dispute cannot be resolved, either party or the witness may apply to the Court for a determination concerning the propriety of using the Confidential Documents for purposes other than those permitted herein.

8. Any party may object to the designation of particular material as Confidential by giving written notice to all other parties. Such written notice shall identify that material to which the objection is directed and the basis of the objection. If the objecting and designating parties are unable to resolve their differences within ten days from the time the notice is received, the objecting party may file an appropriate request for the Court to rule that the disputed material should not be subject to the protection of this Order. In the event that a designation of confidentiality is challenged, the burden of proof is on the proponent of the designation of confidentiality. The disputed material shall remain subject to the terms of this Order unless and until the Court rules otherwise.

9. Deposition testimony and/or videotape shall be considered Confidential by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within ten days after receiving a copy of the deposition transcript or videotape. All deposition transcripts and videotapes shall be treated as Confidential until the expiration of the ten business day period.

10. Nothing in this Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Documents for any

purpose. Any such use or discussion of Confidential Documents by the Producing Party shall not be deemed a waiver of the terms of this Order.

11. The inadvertent or unintentional production of Documents containing, or otherwise disclosing, confidential, privileged, private, proprietary or trade secret information without being designated Confidential at the time of production or disclosure shall not be deemed a waiver in whole or in part of the claim of confidentiality privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. The issue of waiver, to the extent contested by the parties, shall be determined by this Court. Any error in designation shall be corrected as soon as reasonably possible after the Producing Party becomes aware of the error, and any Party who has disclosed or used such material prior to the correction by the Production Party shall not be considered in violation of this Order.

12. The designation of Documents as Confidential, pursuant to this Order, shall not be construed as a concession by any Party that such information is relevant or material to any issue or is otherwise discoverable or admissible as evidence.

13. Within sixty (60) days of the conclusion of all proceedings by settlement, adjudication, exhaustion of appeals, or otherwise, all Confidential Documents furnished pursuant to the terms of this Order, any copies thereof, and any materials recording and/or otherwise containing said information or documentation, and which are not in the custody of the Court, shall be destroyed. Upon request, the Receiving Party shall certify to the Producing Party that Confidential Documents produced by the Producing Party have been destroyed. The parties may keep one copy of the records and documents produced in their closed files under confidential seal for the exclusive purpose of

maintaining an accurate record of the work done on this case for liability/malpractice concerns.

14. Each person to whom disclosure of Confidential Documents is made pursuant to this Order shall subject himself to the jurisdiction of this Court for the purposes of proceedings in the event of any violation of this Order.

15. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), no document may be filed with the Court under seal without prior permission from the Court as to each document, upon motion and upon demonstrating "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal [requested] is no broader than necessary[.]" *Shane Group*, 825 F.3d at 306. Parties granted leave to file material under seal, or parties seeking an in-camera inspection of materials by the Court, shall comply with all applicable provisions of the Southern District of Ohio Local Rules. This Agreed Protective Order does not, in and of itself, authorize filing any materials under seal and any provisions in this Agreed Protective Order to the contrary are hereby stricken. Parties intending to file any information designated as Confidential shall confer with all counsel sufficiently in advance of filing so as not to delay any deadlines set by the Court.

**IT IS SO ORDERED.**

Date: February 24, 2020   s/ Michael J. Newman
　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

/s/ Brian J. O'Connell
Brian J. O'Connell (0059276)
James D. Houston (00772794)
STRAUSS TROY CO., LPA
150 E. Fourth Street
Cincinnati, OH 45202-4018
(513) 629-9451
bjoconnell@strausstroy.com
*jdhouston@strausstroy.com*
*Attorneys for Defendant Inverness Group, Inc.*


/s/ Richard Meyer
Richard Meyer
Dressman Benzinger LaVelle PSC
207 Thomas More Parkway
Crestview Hills, KY 41017
Direct: (859) 426-2128
rmeyer@dbllaw.com


/s/ Dawn M. Rick
Dawn M. Frick
Surdyk Dowd Turner
8163 Old Yankee St., Suite C
Dayton, Ohio 45458
Office: 937-222-2333
dfrick@sdtlawyers.com



13824440.1