UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MT. PLEASANT BLACKTOPPING
COMPANY, INC.,

    Plaintiff,

vs.

GREENE COUNTY, OHIO, *et al.*,

    Defendants.

Case No. 3:18-cv-417

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ORDER AND ENTRY: (1) GRANTING PLANTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' REQUESTS FOR ADMISSIONS (DOC. 39); AND (2) DEEMING PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSION TIMELY SERVED**

---

This civil case is before the Court on Plaintiff's motion for an extension of time to respond to Defendants' request for admissions ("RFAs"). Doc. 39. Defendants filed a memorandum in opposition and, thereafter, Plaintiff filed a reply. Doc. 42, 43. The Court has carefully considered all of the foregoing, and Plaintiff's motion is ripe for decision.

Plaintiff Mt. Pleasant Blacktopping Company, Inc. brought this action seeking, *inter alia*, declaratory and injunctive relief against Defendants under 42 U.S.C. § 1983, arguing that Defendants have acted unreasonably and arbitrarily in the enforcement of the Greene County, Ohio's sanitary sewer regulations. Doc. 1 at PageID 2. On December 20, 2019, Defendants served RFAs on Plaintiff, *see* doc. 38-1 at PageID 405-15, making Plaintiff's response to those RFAs due on or before January 19, 2020, *i.e.*, 30-days later. *See* Fed. R. Civ. P. 36(a)(3).

Here, Plaintiff did not respond to the RFAs on before January 19, 2020. *See* docs. 38, 39. As a result, on January 27, 2020, Defendants filed a notice on the Court's docket setting forth the

1

matters deemed admitted as a result of Plaintiff's failure to respond. Doc. 38; *see also* Fed. R. Civ. P 36(a)(3) & (b) (stating that, in the absence of a timely response, matters for which RFAs are sought are deemed "admitted" and "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended"). Hours after the filing of Defendants' notice, Plaintiff served its response to the RFAs and filed the subject motion for an extension of time, belatedly requesting up to and including January 27, 2020 to respond to the RFAs. Doc. 39.

In opposition to Plaintiff's motion, Defendants argue that an extension of time should be denied because Plaintiff fails to demonstrate excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect"). In determining whether excusable neglect exists, courts balance five factors, namely: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, the danger of prejudice arising from the mere 7-day delay in Plaintiff's response to RFAs is negligible and the potential adverse impact on the course of these proceedings is similarly small. Accordingly, the undersigned would be inclined to find excusable neglect and to grant the requested extension under Rule 6.

Defendants also argue that Plaintiff's requested extension should be denied under Fed. R. Civ. P. 36, which permits the "withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice

the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). District courts have "considerable discretion over whether to permit withdrawal or amendment of admissions." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997). Such discretion extends to permitting "a longer time for a written answer to a request for admissions and to accept 'the filing of an answer that would otherwise be untimely[.]'" *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). Here, the undersigned finds that permitting Plaintiff an additional seven days to respond to Defendants' RFA would promote the presentation of the merits of the case, cause no prejudice to Defendants, and be an appropriate exercise of judicial discretion.

Accordingly, in light of all the foregoing, the Court **GRANTS** Plaintiff's request for an extension of time to respond to Defendants' RFAs and, therefore, **DEEMS** Plaintiff's responses timely served.

**IT IS SO ORDERED.**


Date:  March 2, 2020                              s/ Michael J. Newman
                                                  Michael J. Newman
                                                  United States Magistrate Judge